IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOEL A. JOHNSON,

    Plaintiff,

v.

    CASE NO. 8:15cv2948T30 JSS

ABF FREIGHT SYSTEM, INC. d/b/a
ArcBest CORPORATION a foreign
corporation licensed to do business in the
State of Florida,

    Defendant.

## COMPLAINT

Plaintiff, LOEL A. JOHNSON (hereinafter, "MR. JOHNSON"), by and through his undersigned counsel, hereby sues Defendant, ABF FREIGHTS, INC. d/b/a ArcBest CORPORATION, a foreign corporation licensed to do business in the State of Florida (hereinafter, "ABF "), for retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981 a (collectively, "Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes § 760.0 1, et seq.(the "FCRA"), and in support thereof alleges the following:

## INTRODUCTION

1. This action is brought to remedy unlawful retaliation in employment wherein MR. JOHNSON was unlawfully disciplined and constructively prohibited from promotion by Defendant, ABF, in retaliation for opposing what he reasonably believed to be discriminatory employment practices made unlawful under Title VII and the Florida Civil Rights Act. The legal basis for this action is Title VII of the Civil Rights Act of 1964, 42

U.S.C. §2000e, et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. 1981a (collectively, "Title VII"), and the Florida Civil Rights Act of 1992, Florida Statutes §760.01, et seq. (the "FCRA"). Plaintiff, MR. JOHNSON, seeks equitable relief and damages. This action is also brought, in part, to remedy unlawful retaliation taken against MR. JOHNSON for his objection to and/or refusal to participate in what he believed in goodfaith to have constituted discriminatory and illegal employment practices on the part of Defendant, ABF.

## JURISDICTION, VENUE, AND PARTIES

2. This action arises, in part, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"). This Court has original jurisdiction to grant relief pursuant to 28 U.S.C. §§ 1331, 1332(a)(1) and 1343 (3) and (4). This Court is vested with jurisdiction to order an injunction, front pay, back pay or any other equitable relief as may be proper, and compensatory and punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. §§ 1981a and 2000e-5(g). This action also arises, in part, under the Florida Civil Rights Act of 1992, Florida Statutes § 760.01, et seq. (the "FCRA"). This Court has jurisdiction over all state law claims pursuant to 28 U.S.C. § 1331 and § 1367. The state claims herein are for damages in excess of $75,000.00 and are therefore also within the jurisdiction of this Court.

3. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(a) and (c) because the unlawful employment practices were committed within this judicial district.

4. Plaintiff, MR. JOHNSON, is an individual who at all times material resided in Polk County, Florida, during the time of his employment with ABF. At all times material

herein, MR. JOHNSON, was employed by ABF as part-time employee of ABF located in Tampa, Florida.

5. At all relevant times concerning this action, Defendant, ABF, has continuously been an Arkansas corporation doing business in the State of Florida and the City of Tampa, and has continuously had at least 15 employees.

6. At all times relevant to this action, Defendant, ABF, had continuously been an "employer" engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h), and Fla. Stat. § 760.02(7).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

7. MR. JOHNSON timely filed a charge of 'race' and 'retaliation' with the Equal Employment Opportunity Commission ("EEOC") alleging that he was unlawfully disciplined and constructively discharged by Defendant ABF in retaliation for opposing what he reasonably believed to be discriminatory employment practices made unlawful under Title VII.

8. MR. JOHNSON has exhausted his administrative remedies required under 42 U.S.C. 2000e, and has otherwise fulfilled all applicable administrative prerequisites to bringing this action. Moreover, on September 30, 2015, the EEOC's Director for the agency's Tampa District Office issued a "Notice of Right to Sue" wherein the EEOC found that there was reasonable cause to believe that violations of Title VII had occurred. A true and correct copy of the EEOC's "Notice of Right to Sue" is attached hereto to this Complaint as EXHIBIT "A."

9. Moreover, on June 26, 2015, the EEOC's Director for the agency's Tampa District Office issued a "Letter of Determination" wherein the EEOC found that there was reasonable cause to believe that violations of Title VII had occurred. A true and correct copy of the EEOC's "Letter of Determination" is attached hereto to this Complaint as EXHIBIT "B."

## THE APPLICABLE STATUTES

10. Title VII of the Civil Rights Act of 1964, as amended, provides in pertinent part at 42 U.S.C. § 2000e-2(a) as follows:

> It shall be an unlawful employment practice for an employer
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] sex ...; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race [or] sex....

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11. Plaintiff is a member of a protected class.

12. Plaintiff is male and is of African-American descent.

13. At all times mentioned in this cause of action, all provisions of Title VII of the Civil Rights Act of 1964, as amended were in full force and effect and were binding on Defendants.

14. Plaintiff was a part-time Checker/Driver working at Defendant's Tampa office, beginning May 16, 2011.

15. At all times relevant to this suit, Tom Boyum was Plaintiff's branch manager while he worked at Tampa location.

16. Plaintiff's direct supervisor, Tom Boyum, provided input and possessed decision making authority which affected the terms and conditions of Plaintiff's employment. Tom Boyum was aware Plaintiff is male and African-American.

17. In or around May 19, 2013 and July 24, 2013 at least three other persons less qualified, and outside of Plaintiff's protect class, were promoted to permanent Checker/Driver full-time positions at Defendant's Tampa location.

18. In between the two dates wherein Defendants' had full-time positions open, Plaintiff filed a charge of discrimination (charge #511-2011-00319) against the Defendants in violation of Title VII of the Civil Rights Act of 1964, as amended.

19. Plaintiff's supervisor, Tom Boyum was the selecting official for the open permanent full-time Checker/Driver position.

20. Plaintiff's supervisor Tom Boyum provided input regarding the selection of a candidate for promotion to permanent full-time position pursuant to a vacancy announcement provided on the Defendant's website listing.

21. As a part-time Checker/Driver, Plaintiff was in a position to be allocated to a permanent full-time position without having to apply.

22. On several occasions, Plaintiff discussed with his supervisor, Tom Boyum, his desire to be promoted to a permanent full-time position.

23. As a result of a prior charge of discrimination filed against the Defendants, Tom Boyum, Branch Manager, communicated to Chuck (unknown last name), Union Stewart, that Plaintiff would never get a full time position at the company.

24. Plaintiff was qualified for the permanent full-time Checker/Driver position at the Tampa location.

25. The available full-time position listed on May 2013, was filled by a less qualified person, outside of Plaintiff's protected class, who was offered the position for the permanent full-time Checker/Driver position.

26. The available full-time position listed on July 2013, was filled by a less qualified person, outside of Plaintiff's protected class, who was offered the position for the permanent full-time Checker/Driver position.

27. At least in part because Plaintiff is male and African-American, he was not chosen for the permanent full-time position at the Tampa location.

28. The effect of the conduct complained of in Paragraphs 11 through 28 herein has been to deprive MR. JOHNSON of equal employment opportunities and to otherwise adversely affect his status as an employee in retaliation for his opposition to unlawful employment practices.

29. The unlawful retaliatory acts complained of in Paragraphs 11 through 28 herein were intentional and done with malice or with reckless indifference to MR. JOHNSONS' rights protected under Title VII and the FCRA.

30. As a result of Defendant ABF wrongful acts alleged herein, MR. JOHNSON has suffered economic and emotional damages.

31. All conditions precedent to filing this action have been performed, have occurred, or have been waived.

32. MR. JOHNSON has engaged the services of legal counsel and is obligated to pay legal counsel their fees and costs incurred in the prosecution of this action.

# COUNT I
# VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RETALIATION

33. MR. JOHNSON respectfully repeats and realleges the allegations contained in paragraphs 1 through 32 herein.

34. Plaintiff alleges he was retaliated against in violation of the Civil Rights Act of 1964, § 704(a), 42 U.S.C.A. §2000e-3(a).

35. Plaintiff engaged in a statutorily protected activity when Plaintiff complained to the U.S. Equal Employment Opportunity Commission (charge # 511-2011-00319) that he was subjected to racial discrimination at work due to his race (an African-American male).

36. On or about July 24, 2013, Plaintiff filed his formal EEOC complaint, an action precedent to this suit.

37. Subsequent to his complaint, Plaintiff's supervisors retaliated against him by not promoting Plaintiff to a permanent full-time Checker/Driver position.

38. The decision to not promote Plaintiff to a permanent full-time Checker/Driver position was caused in part by Plaintiff's complaints.

39. Because of the retaliation by his supervisor and the fact that Plaintiff was not promoted to a Checker/Driver position at Defendants' Tampa location, Plaintiff's chances for promotion(s) within the ABF, that would have allowed Plaintiff to continue his career, were severely affected.

40. Plaintiff has suffered damages as a proximate or legal result of Defendants' retaliation and failure to promote Plaintiff to a permanent Checker/Driver position at the Tampa location.

41. Defendant, ABF, violated Title VII of the Civil Rights Act of 1964, as amended, by retaliating against MR. JOHNSON for complaining about and objecting to what he reasonably believed to be unlawful discrimination in employment as more fully described in the General Allegations section of this Complaint.

42. The adverse employment actions suffered by MR. JOHNSON in retaliation for his good-faith complaint of and objections to discriminatory employment practices have been more specifically outlined in the General Allegations Section of this Complaint, in Paragraphs 1 through 32.

43. The adverse employment actions suffered by MR. JOHNSON were causally related to and in retaliation for MR. JOHNSON having engaged in the protected activity of complaining about and objecting to what he reasonably and in good-faith believed to be discriminatory employment practices made unlawful by Title VII, as has been described in detail within the General Allegations Section of this Complaint.

44. The actions of Defendant ABF and/or its agents, employees, managers, supervisors and/or shareholders were willful, wanton, intentional and performed with malice or with reckless indifference to MR. JOHNSONS' federally protected rights, entitling MR. JOHNSON to compensatory and punitive damages pursuant to 42 U.S.C. §§1981a and 2000e-5(g) to punish ABF for its actions and to deter it, and others, from taking such actions in the future.

45. The actions of Defendant ABF make reinstatement ineffective as a make-whole remedy, entitling MR. JOHNSON to front pay in lieu of reinstatement.

46. As a direct, proximate and foreseeable result of the actions of Defendant the adverse employment actions suffered by MR. JOHNSON were causally related to and in

retaliation for MR. JOHNSON having engaged in the protected activity of complaining about and objecting to what he reasonably and in good-faith believed to be discriminatory employment practices made unlawful by the Florida Civil Rights Act, as has been described in detail within the General Allegations Section of this Complaint.

47. The actions of Defendant ABF and/or its agents, employees, managers, supervisors and/or shareholders were willful, wanton, intentional and performed with malice or with reckless indifference to MR. JOHNSONS' protected rights under the Florida Civil Rights Act, entitling MR. JOHNSON to compensatory and punitive damages pursuant to Florida Statutes Chapter 760.11(5) to punish Defendant ABF for its actions and to deter it, and others, from taking such actions in the future.

48. As a direct, proximate and foreseeable result of Defendant ABF S' actions, MR. JOHNSON has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience and mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, humiliation and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, Plaintiff, Loel A. Johnson, prays that this Court will grant judgment:

1. Awarding judgment against ABF, for the back pay, and benefits to which MR. JOHNSON would have been entitled but for Defendants' retaliatory acts in violation of Title VII;

2. Awarding judgment against ABF for compensatory damages for emotional pain and suffering;

3. Awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 2000e-5(k);

4. Prejudgment interest on damages awarded for past, but not future injuries; and,

5. Granting such other and further relief as is just.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RACE

49. Plaintiff realleges paragraphs 1 through 49 of the Complaint as set forth above.

50. Tom Boyum, Plaintiff's then existing branch manager, made disparaging remarks concerning Plaintiff's racial orientation.

51. The fact that Plaintiff is a male and African-American was a motivating factor in the supervisor's recommendation.

52. As a direct, natural and proximate result of the treatment by Defendants, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. Defendants' treatment of Plaintiff has also caused him irreparable harm through the violation of his federal statutory rights against racial discrimination, for which there is no adequate remedy at law.

54. Plaintiff is entitled, pursuant to § 2000e-5(k), to recover a reasonable attorney's fee, litigation expenses and costs.

**WHEREFORE**, Plaintiff, Loel A. Johnson, prays that this Court will grant judgment:

1. Awarding judgment against ABF, for the back pay, front pay and benefits to which MR. JOHNSON would have been entitled but for Defendants' racially discriminatory acts in violation of Title VII;

2. Awarding judgment against ABF for compensatory damages for emotional pain and suffering;

3. Awarding plaintiff his costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 2000e-5(k);

4. Prejudgment interest on damages awarded for past, but not future injuries; and,

5. Granting such other and further relief as is just.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, LOEL A. JOHNSON, respectfully demands judgment against DEFENDANT, ABF FREIGHT SYSTEM, INC., for back pay, front pay in lieu of reinstatement, compensatory damages, prejudgment interest, punitive damages, attorneys' fees, costs of this action and any such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, LOEL A. JOHNSON, respectfully requests a trial by jury for each Count of this Complaint on all issues so triable.

DATED this 29TH day of December, 2015.

THE WILSON ADVOCACY GROUP, P.A.

_____
DAVID WILSON IV, ESQ.
FL Bar No. 0103204
Attorney for Plaintiff
P.O. Box 3142
Winter Haven, FL 33885
Phone: (863) 401-8155
Fax: (863) 401-9924
Primary Email: info@wilsonadvocacygroup.com
Secondary Email: dwfourth@wilsonadvocacygroup.com

EEOC Form 161-A (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Loal A. Johnson<br>5559 Starling Loop<br>Lakeland, FL 33810 | From: | Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

**EXHIBIT A**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2013-02469 | Charlesetta Bell,<br>Investigator | (813) 202-7926 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Georgia M. Marchbanks,
Director

**SEP 3 0 2015**
(Date Mailed)

Enclosures(s)

cc: **Richard Spearman**
Deputy General Counsel
ArcBest Corporation
PO Box 10048
Fort Smith, AR 72903

David Wilson IV, Esquire
The Wilson Advocacy Group, P.A.
P.O. Box 3142
Winter Haven, Florida 33885



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Tampa Field Office

501 East Polk Street, Room 1000
Tampa, FL 33602
(813) 228-2310
TTY (813) 228-2003
FAX (813) 228-2841

EEOC Charge Number: 511-2013-02469

**EXHIBIT B**

Loel Alexander Johnson
5559 Starling Loop
Lakeland, FL 33810

Charging Party

ABF Freight Systems, Inc. dba Arkansas Best Corporation
3707 East Lake Avenue
Tampa, FL 33610

Respondent

## LETTER OF DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended and timeliness and all other requirements for coverage have been met.

Charging Party alleges that he was discriminated against in violation of Title VII when Respondent excluded him and changed the terms and conditions for the positions of Checker/Driver "regular" in retaliation for filing a previous charge of discrimination. Charging Party further alleges that Respondent continues to deny him full time employment in retaliation for filing a previous EEOC Charge: 511-2011-00319.

Respondent denies Charging Party's allegations. Respondent contends dedication and experience were the deciding factors for their selection for the positions of Checker/Driver "regular".

An examination of the evidence shows that Charging Party was employed by the Respondent in the position of Checker/Driver "casual". The evidence shows that Charging Party met the minimum qualifications for the position of Checker/Driver "regular" unlike those outside of his protected classes. Respondent selected Checker/Driver "regulars" with less time in employment with Respondent than Charging Party. Respondent hired Checker/Driver "regulars" outside of Charging Party's protected class, one of which had a suspended CDL Class A license which is a requirement to meet the minimum qualifications. The evidence establishes that Charging Party was denied and excluded from the same terms and conditions for full time employment opportunities because of his race, Black in violation of Title VII.

EEOC Charge Number: 511-2013-02469
Page 2

Additionally, the evidence obtained during the investigation of this charge establishes that Respondent denied Charging Party employment opportunities in close temporal proximity to him engaging in protected activity. There is a casual nexus between Charging Party's protected activity and the adverse actions. Accordingly, there is reasonable cause to believe that Respondent retaliated against Charging Party for engaging in protected activity, in violation of Title VII.

Based on this analysis, I have determined that the evidence obtained during the investigation does establish a violation of the statute.

Upon the finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. The confidentiality provisions of sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

An Invitation to participate in the Commission's conciliation process is enclosed for your review. Please contact Charlesetta Bell, Investigator, via email- charlesetta.bell@eeoc.gov or phone- (813) 202-7926, within fifteen (15) days upon receipt of this document to indicate the Respondent's willingness to proceed with conciliation efforts. If no response is received within this time period, it will be interpreted as unwillingness by the Respondent to participate in conciliation efforts. At that time, conciliation efforts will cease.

If the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against person who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

JUN 2 6 2015
Date

Georgia Marchbanks
Director, Tampa Field Office